REASON *v.* DETROIT, GRAND HAVEN & MILWAUKEE
RAILWAY CO.

1. CARRIERS—CONNECTING CARRIERS—INJURY TO GOODS—ACTION
   —BURDEN OF PROOF.
   In an action against a carrier for injuries to goods delivered
   to it for shipment beyond its own line and subsequently
   ordered returned to the shipper, the burden is upon defend-
   ant to show delivery to the connecting carrier in good con-
   dition, and this having been shown, the burden is upon plain-
   tiff to show that they were in good condition when received
   again by defendant on the return journey.

2. SAME—INJURY TO GOODS—DAMAGES—MEASURE.
   In an action against a carrier for injuries to goods shipped and
   ordered returned; the measure of plaintiff's damages is the
   difference between the value of the goods when accepted by
   defendant for shipment and when offered to plaintiff upon
   their return.

3. SAME—ACTION—DECLARATION—SUFFICIENCY.
   In an action against a carrier for injuries to goods while in
   transit, a declaration stating that through defendant's negli-
   gence the goods were not delivered to the connecting carrier,
   nor to plaintiff at their destination or elsewhere, but were
   wholly lost, damaged, and destroyed, supports a recovery
   upon proofs showing that after a long delay plaintiff ordered
   the goods returned to him at the point of shipment, where
   they were subsequently offered to him in a damaged condi-
   tion.

4. SAME—CONNECTING CARRIER—DELIVERY—EVIDENCE—SUFFI-
   CIENCY.
   In an action against a carrier for injuries to goods delivered to
   it for shipment beyond its own line and subsequently ordered
   returned to the shipper, evidence examined, and *held*, not to
   conclusively show that the goods were delivered to a connect-
   ing carrier.

5. APPEAL AND ERROR—RECORD—MATTERS CONSIDERED—MOTION
   FOR NEW TRIAL.
   Where it is certified by the trial judge that the affidavits filed
   with the motion for a new trial were not considered for the
   reason that copies of them were not served upon opposing

counsel, they will not be considered by this court, though they are, as they should not be, incorporated in the printed record.

6. CARRIERS— INJURY TO GOODS— ACTION— EVIDENCE— DECLARATIONS OF DEFENDANT'S AGENT—SCOPE OF AUTHORITY.

In an action against a railroad company for injuries to goods delivered to it for shipment beyond its own line and subsequently ordered returned, the defense being that the goods were injured while in the hands of a connecting carrier, a statement by defendant's agent, after their return, that they never left defendant's line, treated as an admission of the fact, was material; but it being no part of the agent's duty to inform himself of the fact, and his statement not having been made in the performance of duty, it was gratuitous, and proof of it incompetent.

7. SAME—DAMAGES—GOODS RETURNED.

Where, in an action for injuries to goods delivered to a carrier for shipment and afterwards ordered returned, it appears that plaintiff refused to receive certain of the goods which were unopened, and there is no evidence as to their condition or value when returned, though there is testimony as to the value of all the articles shipped and those retaken by plaintiff, the result being that plaintiff was permitted to take both his goods not proved to have been at all injured and the value of them when shipped, the judgment must be reversed, though the proper rule for assessing damages was given in the instructions.

8. SAME—INSTRUCTIONS—PROPRIETY—LIMITATION OF LIABILITY.

An instruction that by the contract of carriage defendant's liability was limited to $5 for each hundredweight of goods carried was properly refused, there being no evidence of the fact asserted, further than the unexplained legend on the bill of lading, "O. R. Rel. $5 per cwt."

9. COSTS—APPEAL—PROLIX RECORD.

In taxing costs on reversal, the record will be diminished the number of pages occupied by affidavits filed with a motion for a new trial but not entitled to consideration in this court or the court below because not served upon opposing counsel.

Error to Shiawassee; Miner, J.  Submitted June 19, 1907.  (Docket No. 37.)  Decided November 5, 1907.

Case by Henry Reason against the Detroit, Grand

Haven & Milwaukee Railway Company for failure to transport certain goods. There was judgment for plaintiff, and defendant brings error. Reversed.

*L. C. Stanley,* for appellant.

*Walsh & Pardee,* for appellee.

OSTRANDER, J. In each of the three counts of the plaintiff's declaration it is averred that plaintiff delivered to defendant for shipment, and defendant accepted and agreed to transport for hire from Corunna, Michigan, to Nashville, Tennessee, by itself and by connecting carriers, there to be delivered to plaintiff, certain household goods and provisions. It is averred that defendant is a common carrier of goods from Grand Haven, Michigan, to Toledo, Ohio. In the first count, the breach of duty alleged is failure to safely convey the said goods to Nashville, and failure to there deliver them to plaintiff; that in fact the goods were by the negligence and fault of defendant, and within the venue laid in the declaration, wholly lost, damaged, and destroyed. In the second count, the duty to so convey and deliver said goods within a reasonable time is averred, and that through the negligence of defendant they were not delivered to the connecting carrier, or to plaintiff at Nashville, *or elsewhere,* but were wholly lost, damaged, and destroyed. In the third count, certain resulting damages, not considered by the court or jury, are averred. The plea is the general issue. A verdict for plaintiff for $350 was rendered by a jury, and judgment was entered on the verdict. A motion for a new trial was made by defendant and was granted unless plaintiff would remit $90 of the judgment. This he did.

That defendant, at Corunna, accepted and forwarded, in two shipments, goods consigned by plaintiff to himself at Nashville, and that the same goods, or a portion of them, were afterwards, by plaintiff's request or direction, returned to Corunna, in the custody of defendant, is not disputed. Some of the property so returned was injured

between the date of shipment and return, some of it plaintiff took away, and some he declined to remove.  After shipping the goods, plaintiff and his family removed to Nashville, intending to reside there.  After waiting for four weeks or more the arrival of his goods, he returned with his family to Michigan.

It is the contention of plaintiff that the goods were never out of the possession of defendant and were injured while in its custody upon the outbound or return journey; that if they were delivered by defendant to a succeeding carrier, from which it again received them, it was bound to prove that they were carried to Corunna in the condition in which they were received for the return journey.

It is the contention of defendant that it proved by undisputed and conclusive testimony the safe carriage of the goods and the delivery of them, in good order, to a succeeding carrier; the theory of counsel being that if this fact is established, no recovery can be had under the declaration, even if the goods were lost or injured on the return trip while in its custody.

The trial court denied the conclusive character of the evidence relied upon by defendant, and upon this subject instructed the jury as follows:

"After the goods have been received by the defendant, it is the duty of the defendant to show by a preponderance of the evidence that after it has received the goods in question, that it safely shipped them and delivered them to the succeeding carrier uninjured, that is, in the goods going down.  If it received them, as shown by the evidence here, it must further show that he delivered them uninjured to the succeeding carrier.

" The burden of proof is upon the defendant to show that fact, but upon their theory, then the burden changes again and the plaintiff must show by a preponderance of the evidence that the goods were in a good condition, that is, if they were to charge the defendant with the liability on their return back, and the goods were in a good condition when they were received by the defendant on its journey back.

" In order to enable the plaintiff to recover in this suit,

you must find by the evidence in this case that the goods in question were injured after they were delivered to defendant and while they were yet under defendant's custody or control, and if you do not so find by the evidence, then and in such case it will be your duty to render a verdict for the defendant; but if you find by the evidence in this case that the goods were injured after they were delivered to defendant and while under its care and control and before the goods were delivered to any other railroad, or after it had received it or after the railroad company had received it on its return to Corunna, then it will be your duty to find for the plaintiff such damages to the goods as he had suffered by reason of such injury, with this limitation, that when the goods were returned and offered to plaintiff, then it was his duty to accept them, and in this case they can only recover such damages as the difference between what the goods were actually worth when they were delivered by the plaintiff to defendant, that is, on the 4th and 8th days of May, and when they were returned and offered to him. By that, gentlemen, I mean that, if you find for the plaintiff as I have stated in the declaration, your verdict must be limited to the difference between their value at the time the company received them and at the time that the goods were returned and offered to be returned to the plaintiff."

We are of opinion that in these instructions the applicable law is correctly stated and that the declaration is sufficient to support a recovery within the rules laid down by the court. We affirm the ruling that the evidence of delivery to a connecting carrier is not conclusive. There is testimony of the arrival of the goods in good order at Detroit, that Detroit is a terminal of defendant's road and that the goods were there transferred to the Detroit & Toledo Shore Line road. But the testimony does not conclusively establish the fact that the Detroit & Toledo Shore Line was a succeeding, connecting, carrier. Such freight charges as were prepaid were for carriage to Toledo. The testimony tends to prove the receipt of the goods in Toledo and the delivery of them there to the Cincinnati, Hamilton & Dayton Railroad Company; that they were returned by the Cincinnati, Hamilton & Dayton

Company; that they lay in the freight house for some two weeks and were then loaded into a car and routed by way of the Hocking Valley Railroad. Defendant does not further trace the property on its outward-bound journey. It is a fair inference, perhaps a necessary conclusion, from the testimony, that the goods proceeded no farther than Toledo and it is so intimated by counsel for defendant in his brief. It cannot be said, as matter of law, that they were there, or at any other point, delivered to and received by a connecting carrier. In reaching this conclusion, we do not consider certain affidavits filed with the motion for a new trial. It is certified by the trial judge that they were not considered, for the reason that copies of them were not served upon counsel for plaintiff. They are, but they should not have been, incorporated in the printed record. What has been said disposes of all errors assigned and discussed upon the assumption that delivery to a connecting carrier is conclusively made out.

The wife of the plaintiff was permitted to testify that the agent of defendant at Corunna told her that the goods never left defendant's line of road, and a motion to strike out this testimony was denied. This statement was made, it is claimed, after the goods had been returned to Corunna and a month or more after they had been shipped from that point. Treated as an admission on the part of the dofendant, or as evidence of the fact stated, this testimony was material. In *Carland* v. *Telegraph Co.*, 118 Mich. 369, 377 (43 L. R. A. 280), a case relied upon by counsel for plaintiff, it was held that a telegraph operator who accepted and forwarded a message was acting within the scope of his authority, and in the same transaction, in tracing the message and in reporting to the sender, before transmitting a duplicate message, that the one already sent had not been received at defendant's Chicago office. The action was for damages for failure to promptly transmit and deliver a telegram. In the case at bar, it appears that defendant's agent at Corunna received a message from

Nashville, in consequence of which he wired the general freight agent of defendant to have the goods returned to Corunna.  A week later, the goods were received at Corunna.  Defendant's agent had authority to receive and send forward the goods.  It cannot be said, however, that the making of the alleged statement to plaintiff's wife was a part of the transaction of receiving or of forwarding the goods.  It does not appear that he knew or could have known to what point the goods had traveled and, the car not having been routed by agreement or otherwise, by him, in whose custody the goods were found when ordered to be returned.  It was no part of his duty to inform himself, it does not appear that he sought the information, and his statement, not having been made in the performance of duty, was gratuitous and the proof of it incompetent.

Plaintiff refused to receive certain of the goods, among them a box unopened, the contents and condition unknown, and a sewing machine.  Testimony was given of the value of all articles shipped, and those retaken by the plaintiff were specified.  The verdict, it is plain, allows plaintiff the value of the articles refused, whatever they are.  It was not possible for the jury to find, as they were told to do, the value of the goods offered to be returned to plaintiff.  In his reasons for denying a new trial, if a part of the recovery was remitted, the judge states the verdict was excessive because a higher price was placed on some of the articles than was warranted.  But, as above stated, neither the court nor jury had any information of the condition and present value of the goods in the unopened box.  The court expressly declined to consider the affidavits, showing the contents of the boxes, which were filed in support of the motion for a new trial.  The rule of the measure of damages given to the jury was the correct one.  It could not be applied.  The result is that plaintiff is permitted to take both his goods not proved to have been at all injured and the value of them when they were shipped.

The court was requested to charge the jury that by the contract of carriage liability of defendant was limited to five dollars for each hundredweight of goods carried. This request was properly refused.    We find no evidence of the fact asserted.    There appears in the bill of lading the legend, unexplained, "O. R. Rel. $5 per cwt. Henry Reason, Shipper, per M. Jacobs."    The authority of Jacobs to make any contract for the shipper was denied. Jacobs did not in fact sign, but the agent of the defendant signed for him.    The court was not requested to submit the question of the agency of Jacobs to the jury.

It is very doubtful if the same questions, upon the same evidence, will be again raised in the trial court, and, therefore, we do not consider further the errors now assigned.

For the errors pointed out, we are obliged to reverse the judgment and order a new trial.    In taxing costs, the record will be diminished to 89 pages.

BLAIR, MONTGOMERY, HOOKER, and MOORE, JJ., concurred.